UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RBS CITIZENS, N.A.,<br>    Plaintiff,<br><br>v.<br><br>AVAYA, INC., CIT FINANCE, LLC, and<br>CIT COMMUNICATIONS FINANCE<br>CORPORATION,<br>    Defendants. | C.A. No. 14-cv-02-M |

## ORDER

This matter is before this Court on Plaintiff's Motion to Disqualify Scott & Bush as attorneys for Defendant Avaya, Inc. (ECF No. 30.)

The law firm of Duffy & Sweeney, Ltd. represents Plaintiff RBS Citizens, N.A. in this lawsuit. The law firm of Scott & Bush, Ltd. represents one of the Defendants in this case, Avaya, Inc. Attorney Byron L. McMasters worked as an associate at Duffy & Sweeney until May 22, 2014. As of May 23, 2014, he works as an associate at Scott & Bush. While at Duffy & Sweeney, Mr. McMasters worked extensively on the instant case. (*See* ECF No. 30-1 at 5.) Before Scott & Bush employed Mr. McMasters it put in place measure to screen him from this case. (*See* ECF No. 33-1 at 3, 12 ¶ 8.)

Attorneys that practice in this Court must follow the Standards of Professional Conduct as set forth in the Rules for Professional Conduct as adopted by the Rhode Island Supreme Court. *See* LR Gen 208; R.I. Supreme Court Rules, Article V. Rule 1.10 of the Rules of Professional Conduct, provides, in part:

> (c) When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1) the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

The question before this Court is whether Mr. McMasters is "timely screened[1] from any participation in the matter."[2] Scott & Bush, through affidavits from partner Craig M. Scott and associate Mr. McMasters, have established the following:

1. No one at Scott & Bush has had any substantive discussion with Mr. McMasters about this case. (ECF No. 33-1 at 17, ¶ 4.)

2. At the outset of discussions between Mr. McMasters and Scott & Bush, this matter was identified as one in which Mr. McMasters would have to be screened. *Id.* at 11 ¶ 4.

3. Before Mr. McMasters joined Scott & Bush, it took affirmative steps to screen Mr. McMasters from this case, such as issuing directives to Scott & Bush attorneys and staff stating that "(1) no one is to discuss this matter with McMasters; (2) any discussions and phone calls concerning this matter occur behind closed doors; (3) the physical file in this case (and all of its constituent parts) shall be segregated and marked to avoid any inadvertent access by McMasters; and (4) the electronic file of this matter shall be designated clearly as off limits to McMasters." *Id.* at 12, ¶ 8.

4. Mr. McMasters has attested to the fact that he is aware of the ethical obligations under the R.I. Rules of Professional Conduct and that he has not and will not disclose any information regarding this matter that he has a duty to protect. *Id.* at 18, ¶ 8.

---

[1] Screened is defined in Rule 1.0(k) as follows: "'Screened' denotes the isolation of a lawyer from any participation in a matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under these Rules or other law."

[2] There is no dispute that the second element of Rule 1.10, that Mr. McMasters will not be apportioned any part of the fee, has been met. *See* ECF No. 33-1 at 12, ¶ 9.

"Without evidence to the contrary, this Court will rely upon the good faith and judgment of counsel." *United States v. Caramadre*, 892 F.Supp.2d 397, 405 (D.R.I. 2012). In this case, both Scott & Bush and Mr. McMasters have affirmed under oath that they understand and will abide by the screen that the Rules of Professional Conduct require. Scott & Bush has implemented a thorough screen that should ensure that Mr. McMasters will not share any information about the case and he will not be involved in this case in any way. There is no evidence before this Court that would lead this Court to find otherwise.

Plaintiff offers no critique of the screening implemented by Scott & Bush and Mr. McMasters. Moreover, Plaintiff offers no alternative screening method that it proposes Scott & Bush and Mr. McMasters should implement pursuant to Rule 1.10(c). Plaintiff merely posits that because Mr. McMasters had extensive involvement in this case before his move and that he is now at a small five-attorney law firm, this Court must disqualify the new law firm.

If this Court were to grant Plaintiff's request, it would in effect nullify Rule 1.10(c) of the Rules of Professional Conduct in all cases, or at least in cases where the new law firm is small. There is nothing about the language of Rule 1.10(c) that calls for such a result.

This Court has full confidence that both Scott & Bush and Mr. McMasters understand their ethical obligations and will abide by the Rules of Professional Conduct. Therefore Plaintiff's Motion to Disqualify Scott & Bush as attorneys for Defendant Avaya, Inc. (ECF No. 30) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 25, 2014